UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TARBUTTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>N. ZEYAAD, *et al.*,<br><br>　　　　Defendants. | Case No.  2:23-cv-02043-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING AN OPPORTUNITY TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 2 |

　　　Plaintiff, a state prisoner, alleges that defendant Zeyaad and one John Doe defendant employed by the Sacramento Superior Court violated his rights by unlawfully interfering with a civil rights action he filed against the Department of Financial Protection and Innovation ("DFPI") in that court. ECF No. 1 at 11-14.  He also sues another John Doe defendant, this one a supervisor with the DFPI, whom he alleges acted in concert with the defendants at the superior court. *Id.* at 13.  Finally, plaintiff sues Alicia Boomer, a deputy California Attorney General, whom he alleges knew about the conspiracy between the superior court defendants and the Doe defendant at the DFPI but failed to act.  The complaint fails to state a viable claim.  I will give

1

plaintiff one opportunity to amend and explain why this action should proceed.  I also grant his application to proceed *in forma pauperis*.  ECF No. 2.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's allegations concern the handling of a civil case he filed with the Sacramento County Superior Court. ECF No. 1 at 11-14. He claims that, after he filed a request for entry of default against the DFPI, defendants Zeyaad and Doe at the superior court violated his rights by failing to enter that default and, instead, impermissibly gave more time to the DFPI to file an answer. *Id.* at 13-14. Plaintiff acknowledges that he appealed the failure to enter default in a petition for writ of mandate to the proper division of the California appellate court, and his petition was denied. *Id.* at 14. These allegations are non-cognizable because they ask this court to weigh on the propriety of state court operations and decisions. I recognize that plaintiff has primarily requested money damages as relief in this action, but success in this action would necessarily imply that the state court acted improperly. The Supreme Court has unambiguously held that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). And, even where the federal action is not phrased as a direct appeal, it may still run afoul of the *Rooker-Feldman* doctrine[1] if it is a "*de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). That appears to be the case here, where plaintiff is alleging that default judgment should have been entered and that the state court's failure to do so was erroneous and attributable to the misconduct of state court employees.

I will offer plaintiff one opportunity to amend and explain why this case should still proceed. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

---

[1] The *Rooker-Feldman* doctrine prohibits federal courts from exercising appellate review over final state court judgments. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: November 29, 2023                    /s/ Jeremy Peterson
                                         JEREMY D. PETERSON
                                         UNITED STATES MAGISTRATE JUDGE

4