UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TARBUTTON, | Case No. 2:23-cv-02043-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| N. ZEYAAD, *et al.*, | |
| Defendants. | SCREENING ORDER FINDING THAT THE AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM |
| | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| | ECF No. 10 |

Plaintiff, a state prisoner, brings this action against four defendants: (1) defendant Zeyaad, the deputy clerk of the Sacramento County Superior Court; (2) John Doe number one, a clerk or deputy clerk at the Sacramento County Superior Court; (3) John Doe number two, a supervisor at the California Department of Financial Protection and Innovation ("DFPI"); and Alicia G. Boomer, a deputy attorney general with the California Attorney General's office. He alleges that these defendants violated his rights by unlawfully interfering with a civil rights action he filed against DFPI in the Sacramento County Superior Court. ECF No. 10 at 11-14. The complaint

fails to state a viable claim and, given that plaintiff has already been afforded an opportunity to amend, I now recommend this action be dismissed for failure to state a claim.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As stated above, plaintiff's allegations concern the handling of a civil case he filed with the Sacramento County Superior Court. ECF No. 10 at 11-14. As before, he alleges that he filed a limited civil action against DFPI for the purpose of obtaining documents in the agency's possession. *Id.* at 11. He did so after attempts at obtaining the documents by formal request failed to generate a response. *Id.*

After the civil action was filed, plaintiff received a letter response from defendant Boomer informing him that he had failed to comply with "any authorized method of serving a complaint on DFPI." *Id.* at 36. The letter also responded to his initial requests for documents by stating that the audit reports sought by plaintiff were not subject release under the California Public Records Act. *Id.* at 36-37.

Unsatisfied with defendant Boomer's letter, plaintiff maintained his civil suit and, on April 10, 2023, after DFPI failed to answer his complaint, he requested entry of default judgment. *Id.* at 12. He claims, without alleging any specific supporting facts, that one of the defendant clerks of court, Zeyaad or Doe, "communicated or conveyed" his request for default judgment to DFPI. *Id.* He claims that one or both of these clerks then purposefully withheld entering default judgment against DFPI in order to assist the agency and defendant Boomer. *Id.* Thereafter, DFPI filed an answer to his complaint, which plaintiff unsuccessfully attempted to strike. *Id.* at 12-13.

Plaintiff now alleges that these actions violated his federal right to access the courts, his due process rights under the Fourteenth Amendment, his equal protection rights, and 42 U.S.C. § 1986. These allegations should be dismissed for failure to state a cognizable claim. First, the entirety of the complaint is premised on the notion that defendants enacted some conspiracy to frustrate his litigation. He has offered no concrete, specific allegations in support of this somewhat far-fetched idea. Second, as I explained previously, these allegations impermissibly ask this court to weigh in on the propriety of state court operations and decisions. The Supreme Court has unambiguously held that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). It may be, as plaintiff argues in his memorandum that is

attached to the complaint, that there is, as yet, no final state court decision, the de facto appeal from which would run afoul of the *Rooker-Feldman* doctrine.[1]  But if that is the case, then his claims are barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Under *Younger*, a federal court should abstain from hearing claims where: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Here, plaintiff appears to state that the proceedings are ongoing.  California has important state interests in civil litigation occurring in its state courts.  Finally, if plaintiff has evidence of procedural wrongdoing affecting his pending case, there appears to be no impediment to presenting those arguments to the relevant state courts.  Granting him relief in this case would necessarily enjoin or call into question the legitimacy of those state court proceedings.  If impropriety has occurred in a lower state court, the appropriate venue for relief and redress lies in the state appellate process, not in federal intervention.  No further chances to amend are warranted, as plaintiff cannot state a viable claim without changing the fundamental basis of his litigation.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended complaint, ECF No. 10, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

[1] The *Rooker-Feldman* doctrine prohibits federal courts from exercising appellate review over final state court judgments.  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

4

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE